SUMMARY ORDER

Min Zhang, a native and citizen of the People’s Republic of China, seeks review of a January 9, 2008 order of the BIA, affirming the May 81, 2006 decision of Immigration Judge (“IJ”) Gabriel C. Vide-la, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Min Zhang, No. A95 710 419 (B.I.A. Jan. 9, 2008), aff'g No. A95 710 419 (Immig. Ct. N.Y. City May 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in all respects but one, we review the IJ’s decision as modified by the BIA decision, that is, “minus the single argument for denying relief that was rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).
We “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reason *64 able fact-finder could make such an adverse credibility ruling.” Id. at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii).
Substantial evidence supports the agency’s adverse credibility determination. Zhang did not challenge before either the BIA or this Court the IJ’s adverse credibility determination insofar as it was based on the following findings: (1) her demean- or indicated that she had memorized a script; (2) she was unable to provide the name or denomination of the church she attends in the United States; (3) she testified inconsistently regarding whether or not her parents attend church in China; and (4) she failed to corroborate her testimony with a letter from her father. Therefore, any challenge to these findings is both unexhausted and waived. See Shunfu, Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008).
Moreover, we find that these findings stand as valid bases for the IJ’s adverse credibility determination. See id. at 146-47. Indeed, we give particular deference to an IJ’s assessment of demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005); see also 8 U.S.C. § 1158(b)(1)(B)(iii). Additionally, the IJ reasonably relied on implausibilities and inconsistencies in Zhang’s testimony, see 8 U.S.C. § 1158(b)(l)(B)(iii), as well as her failure to corroborate her testimony with a letter from her father, see Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006) (noting that an applicant’s failure to corroborate her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question). Ultimately, these unchallenged findings provide sufficient support for the IJ’s adverse credibility determination. See Xiu Xia Lin, 534 F.3d at 165-66; see also 8 U.S.C. § 1158(b)(l)(B)(iii).[2] Accordingly, as the IJ’s adverse credibility determination was supported by substantial evidence, the agency reasonably denied Zhang’s application for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
We also find that Zhang has waived any challenge to the agency’s decision insofar as it denied her application for CAT relief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Finally, as the government correctly argues, we need not consider Zhang’s challenge to the IJ’s frivolousness finding where the BIA rejected such finding on appeal. Cf. Xue Hong Yang, 426 F.3d at 522.
For the foregoing reasons, the petition for review is DENIED.

. We note that Zhang’s challenges to the IJ’s other credibility findings are without merit. Indeed, Zhang admits that the relied-upon inconsistencies are supported by the record and incorrectly argues that the IJ erred in relying on such inconsistencies where they did not go to the heart of her claim. See Xiu Xia Lin, 534 F.3d at 164 (recognizing that in post-REAL ID Act cases, inconsistencies in the record need not relate to the applicant's claim in order to provide sufficient support for an adverse credibility determination); see also 8 U.S.C. § 1158(b)(l)(B)(iii).